09-3971-cv
First New York Securities LLC v. United Rentals Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of August, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*,
> PAUL G. GARDEPHE,[*]
> > *District Judge*.

_____

FIRST NEW YORK SECURITIES LLC, o/b/o themselves and all others similarly situated, OMNI PARTNERS LLP, o/b/o themselves and all others similarly situated, GLAZER CAPITAL MANAGEMENT, LP, GLAZER OFFSHORE FUND, LTD, BROWNSTONE ASSET MANAGEMENT, L.P., and RAVEN CREDIT OPPORTUNITIES MASTER FUND, LTD.,

> *Plaintiffs-Appellants,*

GLAZER FUNDS, VINCENT DECICCO, Ind & o/b/o themselves and all others similarly situated,

> *Plaintiffs,*

> v.                                No. 09-3971-cv

_____

[*] The Honorable Paul G. Gardephe of the United States District Court for the Southern District of New York, sitting by designation.

1

UNITED RENTALS INC, ROGER E. SCHWED, MICHAEL J. KNEELAND,
*Defendants-Appellees,*

WAYLAND R. HICKS, MARTIN E. WELCH, BRIAN D. MCAULEY, GERALD TSAI JR.,
MICHAEL S. GROSS, LEON D. BLACK, HOWARD L. CLARK JR., SINGLETON
MCALLISTER, JOHN S. MCKINNEY, JENNE K. BRITELL, KEITH WIMBUSH, JASON D.
PAPASTAVROU, RAM HOLDINGS, CERBERUS, STEPHEN F. MAYER, STEPHEN M.
FEINBERG, CERBERUS ASSOC LLC, CERBERUS PARTNERS,
*Defendants.*

_____

FOR PLAINTIFFS-APPELLANTS:     ANDREW J. ENTWISTLE, Entwistle & Cappucci
                               LLP, New York, NY.


FOR DEFENDANTS-APPELLEES:      ALAN R. FRIEDMAN, Kramer Levin
                               Naftalis & Frankel LLP, New York, NY.


Appeal from a judgment of the United States District Court for the District of

Connecticut (Hall, *J.*). **UPON DUE CONSIDERATION**, **it is hereby ORDERED,**

**ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

This appeal arises out of securities fraud claims stemming from the failed 2007 merger

between United Rentals, Inc. ("URI") and RAM Holdings, Inc. and RAM Acquisition Corp.

(together, "RAM"), affiliates of Cerberus Capital Partners, L.P. ("Cerberus").  At the outset of

the bidding process, in April 2007, URI's common stock jumped from $27.55 per share to

$32.36 per share upon news that URI was exploring strategic alternatives.  After entertaining at

least one other potential bidder, URI and RAM signed a merger agreement in July 2007.  Over

the next few months, as the parties worked to close the transaction, economic conditions,

particularly in the credit and debt markets, were less than optimal.  In late August 2007, RAM

2

contacted URI's bankers and stated that due to deterioration in the credit markets, it wanted to renegotiate the purchase price. URI expressed reluctance at the time; one week later, URI replied and flatly refused to re-open the negotiations. On November 14 2007, Cerberus informed URI that RAM was repudiating the merger agreement; URI stock opened the day at $34.37 and closed at $23.50.

Plaintiffs-appellants are investors who purchased URI common stock during the class period commencing August 30, 2007 and ending November 14, 2007. They allege that URI had a clear duty to disclose that RAM was seeking to renegotiate the purchase price and that there was a high likelihood that the deal would fall apart. They claim that by making certain public pronouncements that gave the impression that the transaction would close as originally negotiated—including, *inter alia*, filing a preliminary proxy, issuing a press release announcing a special meeting of shareholders, disseminating proxy materials, and issuing a press release and financial statements at the end of the quarter—URI made material misstatements in violation of federal securities law. They further claim that in failing to inform the public of these events, URI acted with scienter by deliberately and improperly concealing the clear risks affecting the deal in order to stabilize the market price of its stock. We assume the parties' familiarity with the remaining facts, procedural context, and specification of appellate issues.

We review *de novo* a district court's ruling on a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190, 194 (2d Cir. 2008). In considering a motion to dismiss a section 10(b) action, we accept all factual allegations in the complaint as true and must

3

consider the complaint in its entirety.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The district court twice dismissed plaintiffs-appellants' complaints on the basis that they failed to allege scienter adequately, finding that whatever inferences could be drawn regarding the failure to comply with a clear duty to disclose, "on balance, the court is not persuaded that the inference of scienter is 'at least as compelling as any opposing inference of nonfraudulent intent.'"  *First New York Sec., L.L.C. v. United Rentals, Inc.*, 648 F. Supp. 2d 256, 276 (D. Conn. 2009) (quoting *Teamsters Local 445*, 531 F.3d at 194).  We agree and therefore affirm.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), where proof of scienter is a required element, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).  Under Section 10(b) and Rule 10b-5, the required state of mind is "scienter" or an intent "to deceive, manipulate, or defraud."  *Tellabs*, 551 U.S. at 313.  To have a "strong inference" of scienter, as required by the PSLRA, the inference must be such that a "reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Id.* at 324; *see also Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010).  In this case, URI's failure to disclose certain information is not actionable unless it *intended* to defraud or mislead by withholding information that it *knew* it had a clear duty to disclose.  Having carefully reviewed the parties' arguments and the record on appeal, we conclude that even though plaintiffs-appellants put forth a plausible interpretation of URI's actions, that interpretation is belied by many other factors—and by certain actions

4

taken by RAM and Cerberus—which persuade us that it is more likely than not the case that URI believed the deal would close as originally negotiated.

For example, at the August 29, 2007 meeting during which RAM first mentioned its desire to renegotiate the terms of the agreement, URI's representative stated that URI did not think that RAM had a "walkaway" and that URI believed it had the right to demand specific performance. The representative also specifically asked RAM if it was going to repudiate the contract; RAM replied in the negative. Reasonable and persuasive inferences one may draw from this evidence are that URI did not believe that: (1) the deal was seriously threatened because it could always demand specific performance;[1] and (2) RAM intended to repudiate the agreement. Moreover, in a letter from RAM to URI two days later, RAM made no effort to clarify its position regarding its alleged threat to repudiate the agreement. Additionally, there were no substantive or other renegotiation discussions between RAM and URI between August 29th and November 14th. Although plaintiffs-appellants point to other events in the credit markets—*e.g.*, the demise of the Cerberus-ACS transaction—they do not argue that RAM approached URI again or made any other threats regarding the closing of the transaction. In point of fact, RAM and URI worked diligently to close the transaction by, *inter alia*, initiating tender offers for URI's debt securities and conducting a "road show" to place $2.5 billion in post-merger debt.

---

[1] Even though this position was ultimately rejected by the Delaware Chancery Court, the judge in that case found that the position was reasonable as a matter of law and sufficiently strong that the court came "exceedingly close" to granting the remedy of specific performance to URI on summary judgment. *United Rentals, Inc. v. RAM Holdings, Inc.*, 937 A.2d 810, 814, 833 n.104 (Del. Ch. 2007).

These and other facts convince us that the more likely interpretation of the events surrounding the August 29th meeting between RAM and representatives of URI is that URI believed that the deal was going to close under the terms negotiated in the merger agreement. We therefore conclude that plaintiffs-appellants do not meet the *Tellabs* standard of setting forth an "inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324.

Due to our disposition based on absence of scienter, we need not and do not address issues of materiality. *See, e.g.*, *Kalnit v. Eichler*, 264 F.3d 131, 144 (2d Cir. 2001). Similarly, plaintiffs-appellants' section 20(a) claim fails because they fail to show a "primary violation by a controlled person." *Slayton*, 604 F.3d at 778 (internal quotation marks omitted).

Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk